Dear Mayor Brown:
This office is in receipt of your request for an opinion of the Attorney General with respect to the coroner's bill incurred from the death of a murder victim. You indicate a woman was shot to death within the corporate limits of the Village of Grand Cane and the incident was handled by the DeSoto Parish Sheriff's office. The coroner for Bossier City sent a bill for $700 to the coroner for DeSoto Parish, and he sent the bill to the DeSoto Parish Police Jury. The police jury sent the bill to the Village of Grand Cane. You point out a few years ago when the coroner's bill was sent to the Police Jury for an accidental death within the corporate limits, it was sent to and paid by the Village, but the Village was subsequently reimbursed by the Police Jury.
You ask whether the bill can be sent to the person accused of the crime.
R.S. 46:1801, et seq., is the Crime Victims Reparations Act. In R.S. 46:1804 it is provided a person who believes he is a victim of a crime enumerated in R.S. 46:1805, which includes homicide, shall be eligible to make application to the board for reparations. R.S. 46:1802 defines "Victim" as a person who is a Louisiana resident at the time one of the crimes covered was committed and who suffers personal injury, death, or catastrophic property loss as a result of the crime. Under R.S.46:1809 the board shall order payment if it finds the loss was sustained by the victim by reason of injury and "such pecuniary loss has or will not be compensated from any collateral or other source." "Collateral source" means a source which the victim has received or is available, including among others, the state or any of its political subdivisions".
The Village could not collect the bill under this act since it does not fall within the definition of "Victim" and, additionally, there is no compensation to a victim when there is a collateral source for payment, which is the political subdivision itself.
Obviously, the Village can send the bill to the accused but there would not be any means to enforce collection of which we are aware.
R.S. 33:1556 specifically provides when a death occurs due to other than natural causes, the coroner's fees and expenses, including the cost of transporting the body, shall be paid by the municipality in which the crime or accident occurred or by the parish in which the crime or accident occurred if the parish is outside a municipality. We know of nothing that permits subrogation against the accused.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR